DELL, Judge.
The parties to this action were married on January 26, 1980 and divorced shortly thereafter, on April 23, 1981. In its final *992 judgment granting the dissolution of marriage, the lower court granted the wife a special equity in the marital home which was therefore awarded wholly to her. Appellant, the husband, contends that such an award was erroneous in light of an ante-nuptial agreement entered into by the parties. We agree and reverse.
The house in question was purchased for $160,000 while the parties were married. A down payment of $110,000 had been drawn from the parties’ joint bank account. It is undisputed that the wife was the original source of these funds, and that thereafter, the wife paid the mortgage payments.
Were these the only considerations before the lower court we would waste no time in affirming its decision. However, prior to marriage the parties entered into a valid contract which is dispositive of this issue. This antenuptial agreement, in clear unequivocal language, leaves no doubt as to the husband’s entitlement to a one-half interest in the marital home.
Each party’s interest in the home (principal residence) is clearly classified as “Separate Property” by the agreement.
“Separate Property”. The Separate Property of each party shall encompass the property owned by such party immediately prior to the contemplated marriage, including all property, real and personal, tangible and intangible, and specifically including such party’s one-half interest in the Principal Residence as hereinafter defined. Such Separate Property shall not lose its character as such by sale, exchange or reinvestment to the extent that such property remains titled in the name of such party and is directly traceable to property owned by such party prior to the marriage. Separate Property shall not include property which the parties may convert to joint ownership as joint tenants, tenants in common, tenants by the entireties, or the like, (emphasis added).
Moreover, the principal residence is specifically excluded under that provision of the agreement defining “Marital Property.”
The wife’s contention that the husband violated the agreement by not contributing to the purchase of the house is without merit. Even though the $110,000 down payment was made with funds which emanated from the wife, the fact that such funds were drawn from a joint bank account is of crucial significance. The ante-nuptial agreement, again, specifically provides that “all property which the parties shall have converted to joint ownership” (excluding the principal residence) is to be considered “Marital Property.” Likewise, as quoted above, property which the parties convert to joint ownership is by definition, not “separate property.” Therefore, the wife cannot be heard to complain of the husband’s failure to contribute to their home’s purchase. The funds used for the down payment on the house, coming from a joint bank account, were, by the terms of their agreement, as much his as hers.
The agreement further contains a section entitled “Release of Marital Rights On Separation Or Termination Of Marriage.” This section reiterates the intent of the parties as evinced by the aforementioned provisions.
The parties agree that in such event, the Separate Property of each party shall be excluded from consideration in determining the rights of the parties in the Marital Property....
There is but one conclusion which can be drawn from the terms of the antenuptial agreement. This is simply that the parties clearly intended that each possess a full, vested, one-half ownership interest in the marital home. We realize that this result causes the wife a substantial financial loss from a marriage which lasted little more than one year. Yet, we cannot undo that which has been properly done. As we noted in Potter v. Collin, 321 So.2d 128 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1180 (Fla.1976):
A prospective spouse has a right to freely choose to enter into an antenuptial agreement which may be improvident to him or her, and the agreement will be upheld if there has been a full disclosure of the *993 other prospective spouse’s worth or knowledge of the latter’s estate.
The agreement signed by appellee could not have been more clear. We can only conclude that the terms of that agreement comported with the interests and desires of the wife when it was entered into. It should be noted that the wife is an astute businesswoman of substantial financial resources. Further, it is clear that the agreement was carefully drawn to clearly express the intentions of the parties. We reject any suggestion of fraud or non-disclosure on the part of appellant. The record does not support any such inference. See, Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA 1981).
The decision of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BERANEK and HERSEY, JJ., concur.